**IN THE U.S. DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION** AUG 10 A 8: 37

| | | |
|---|---|---|
| KRUUZ FINCH, as the Guardian and Representative of LAMAR HOUGH, | ) ) ) | DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA |
| Plaintiff, | ) ) | |
| vs. | ) | CIVIL ACTION NUMBER: |
| GENERAL MOTORS LLC; RONALD GOSHAY d/b/a RON'S AUTOMOTIVE, et al., | ) ) ) ) | 2:17-CV-542-GMB |
| Defendants. | ) ) | |

## GENERAL MOTORS LLC'S NOTICE OF REMOVAL

Defendant, General Motors LLC ("GM LLC"), gives notice that it removed

this action from the Circuit Court of Bullock County, Alabama, to the United

States District Court for the Middle District of Alabama.

## GROUNDS FOR REMOVAL

1.     Pursuant to 28 U.S.C. § 1446(a), the basis for removal of this action is

diversity jurisdiction under 28 U.S.C. § 1332(a).

2.     The amount in controversy in this action exceeds the sum or value of

seventy-five thousand dollars ($75,000), exclusive of interest and costs.

3.     The matter in controversy is between citizens of different states.

1

## STATE COURT FILINGS

4.     Plaintiff, Kruuz Finch, filed his Complaint in the Circuit Court of Bullock County, Alabama on July 12, 2017.  A copy of the Bullock County Circuit Court Clerk's Docket Sheet is attached as "Exhibit A"

5.     Pursuant to 28 U.S.C. § 1446(a), a complete copy of the State Court file, which includes copies of all process, pleadings, and orders served on or by GM LLC is attached as "Exhibit B."

## SERVICE AND TIMELY REMOVAL

6.     GM LLC was served with Plaintiff's Complaint on July 17, 2017.

7.     Pursuant to 28 U.S.C. § 1446(b)(2)(B), this Notice of Removal is timely because it is filed within 30 days of the date on which GM LLC was served with the Plaintiff's Complaint, which is the initial pleading setting forth the claims for relief upon which this action is based.

## VENUE

8.     Pursuant to 28 U.S.C. §1446(a), the United States District Court for the Middle District of Alabama is the proper district to file this removal based on where the state court action was filed.  *See* 28 U.S.C. §81(a)(4).

DOCSBHM\2187762\2

## NOTICE OF FILING TO STATE COURT AND ADVERSE PARTIES

9.     Pursuant to 28 U.S.C. §1446(d), GM LLC is promptly filing a Notice

of Removal with the Clerk of the Circuit Court of Bullock County, Alabama and

giving written notice thereof to all adverse parties.

## FACTUAL ALLEGATIONS

10.     Plaintiff, Kruuz Finch, filed his Complaint in his capacity as guardian

and representative for his father, Lamar Hough.[1]

11.     Plaintiff alleges that Mr. Hough was driving his 1998 Chevrolet

Blazer in Bullock County, Alabama on May 6, 2017, when that vehicle started

backfiring and "running very rough."[2]

12.     Plaintiff alleges that the vehicle developed an engine/transmission

fluid leak, which caused the vehicle to shut off in the road, catch on fire, and  roll

backwards into a ditch.[3]

13.     Plaintiff further alleges that the engine fire spread to the interior of the

vehicle, resulting in severe burns to Mr. Finch.[4]

---

[1] Complaint, ¶ 1.
[2] Id., ¶¶ 7-8.
[3] Id., ¶¶ 8-9.
[4] Id., ¶ 10.

DOCSBHM\2187762\2

14.     Plaintiff asserted claims against GM LLC for negligence/wantonness and violations of the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD").

## PLAINTIFF'S CITIZENSHIP

15.     Plaintiff, Kruuz Finch, is a resident and citizen of Alabama.[5]

## DEFENDANT'S CITIZENSHIP

16.     Defendant, GM LLC, is a citizen of Delaware and Michigan.

17.     A corporation is deemed to be a citizen of the state where it is incorporated and the state where it has its principal place of business.  28 U.S.C. §1332(c)(1).  The citizenship of a limited liability company is determined by the citizenship of all its members.  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

18.     GM LLC is a Delaware limited liability company with its principal place of business in Michigan.

19.     The only member of GM LLC is General Motors Holdings LLC.  General Motors Holdings LLC, also a Delaware limited liability company with its principal place of business in Michigan, owns 100% of GM.

---

[5] *Id.*, ¶ 1.

4

20.    The only member of General Motors Holdings LLC is General Motors Company. General Motors Company, a Delaware corporation with its principal place of business in Michigan, owns 100% of General Motors Holdings LLC.

## COMPLETE DIVERSITY OF CITIZENSHIP

21.    There is complete diversity of citizenship between Plaintiff and GM LLC. Plaintiff is a citizen of Alabama, and GM LLC is a citizen of Delaware and Michigan.

## FICTITIOUS PARTIES

22.    Plaintiff named fictitious parties A-C as defendants in his Complaint. The citizenship of defendants sued under fictitious names is disregarded for purposes of removal based on diversity of citizenship. *See* 28 U.S.C. §1441(b)(1).

## IMPROPER JOINDER OF RONALD GOSHAY

23.    Plaintiff also asserted a negligence claim against Ronald Goshay (incorrectly spelled in the Complaint as Goshea) d/b/a Ron's Automotive ("Mr. Goshay"), an automotive repair shop that performed work on the subject vehicle on two occasions.

24.    Mr. Goshay is a resident and citizen of Alabama. However, he has been improperly joined in this action, and his citizenship should not be considered for purposes of removal.

DOCSBHM\2187762\2

25.    Federal Rule of Civil Procedure 20(a)(2) provides that joinder of defendants is proper if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series or transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." If a defendant is improperly joined, the court may dismiss that defendant or sever the claims against that defendant, pursuant to Federal Rule 21.

26.    The Eleventh Circuit has recognized that defendants are fraudulently joined "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983)). Here, there is no possibility that Plaintiff can prove his claim against Mr. Goshay.

27.    Plaintiff alleged that Mr. Goshay negligently performed work on the engine and transmission of Mr. Hough's vehicle.[6]

---

[6] *Id.*, ¶¶ 20-21.

28.     Plaintiff asserted that the fire in Mr. Hough's vehicle occurred on May 6, 2017.[7]

29.     Mr. Goshay has sworn under oath, in an affidavit attached as Exhibit C, that the only work performed by Ron's Automotive on Mr. Hough's vehicle was to change the front brake pads about ten months before the subject accident and change the oil more than eight months before the subject accident.

30.     The Eleventh Circuit has acknowledged that in "considering a removal alleging fraudulent joinder, 'the court may consider affidavits and deposition transcripts submitted by the parties.' " *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). The failure to consider affidavits offered in support of a Notice of Removal alleging fraudulent joinder constitutes reversible error. *Legg*, 428 F.3d at 1323.

31.     Mr. Goshay testified in his affidavit that the first time Ron's Automotive performed work on Mr. Hough's vehicle was on July 8, 2016. A receipt for the work performed at this visit shows that Ron's Automotive changed the front brake pads on Mr. Hough's vehicle and charged Mr. Hough $40.00 for the work it performed on this date.[8]

---

[7] *Id.*, ¶ 7.
[8] *See* Exhibit C, ¶ 4; Exhibit 1 to Exhibit C.

7

32.     Mr. Goshay testified in his affidavit that the second time Ron's Automotive performed work on Mr. Hough's vehicle was on September 2, 2016. A receipt for the work performed on this visit shows that Ron's Automotive changed the oil and the filter on Mr. Hough's vehicle and charged Mr. Hough $10.00 for the work it performed on this date.[9]

33.     These are the only two instances in which Ron's Automotive serviced Mr. Hough's vehicle.

34.     Mr. Goshay's affidavit demonstrates that there is no connection between the work performed on Mr. Hough's vehicle by Ron's Automotive in July and August of 2016 and the engine fire that allegedly occurred as a result of an engine or transmission fluid leak in Mr. Hough's vehicle in May of 2017.

35.     Accordingly, there is no reasonable potential for holding Mr. Goshay liable in this action, and the citizenship of Mr. Goshay cannot be used to defeat diversity jurisdiction. *See Sewell v. Smith & Wesson Holding Corp.,* No. 4:12-CV-00364-KOB, 2012 WL 2046830 (N.D. Ala. June 1, 2012) ("Because the plaintiff has failed to show any reasonable potential for legal liability against SSSC, the court finds that the plaintiff fraudulently joined SSSC to defeat diversity jurisdiction and, therefore, ignores the presence of SSSC for determining if

---

[9] *See* Exhibit C, ¶ 5; Exhibit 2 to Exhibit C.

diversity jurisdiction exists.").

## AMOUNT IN CONTROVERSY

36.     Plaintiff alleges that Mr. Hough experienced severe burns as a result of the fire that occurred in his vehicle. Plaintiff seeks damages in an amount sufficient to compensate Mr. Hough for his "severe pain; mental anguish; physical disfigurement and disabilities which are permanent in nature;" as well as for his past and future medical expenses.[10]

37.     Given the severity of Mr. Hough's injuries, Plaintiff's damages clearly exceed $75,000.00.

## CONSENT TO REMOVAL BY RONALD GOSHAY NOT REQUIRED

38.     As explained above, GM is the only properly joined Defendant in this action. Therefore, consent by Ronald Goshay to this removal is not required. *See* 28 U.S.C. §1446(b)(2)(A) ("[A]ll defendants *who have been properly joined and served* must join in or consent to the removal of the action.") (emphasis added).

**WHEREFORE,** General Motors LLC respectfully requests that this Notice of Removal be filed, that Case No. 09-CV-2017-900053 in the Circuit Court of Bullock County, Alabama be removed to and proceed in this Court, and that no further proceedings be had in Case No. 09-CV-2017-900053 in the Circuit Court of Bullock County.

---

[10] Complaint, ¶ 18, Prayer for Relief.

9

Dated this 10th day of August, 2017.

Respectfully submitted,

_____
Robert Baugh, Esq.
Alyse N. Gillman, Esq.
Attorneys for Defendant, General
Motors LLC

**OF COUNSEL:**
SIROTE & PERMUTT, PC
2311 Highland Avenue South
Birmingham, Alabama 35205
T: 205-930-5307
F: 205-212-2869
rbaugh@sirote.com
agillman@sirote.com

10

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August, 2017, I filed the foregoing with the Clerk of the Court and I hereby certify that I served a copy of the foregoing upon all counsel of record in the above-styled cause via e-mail and U.S. Mail:

Jere L. Beasley, Esq.
J. Greg Allen, Esq.
D. Michael Andrews, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles
P.O. Box 4160
Montgomery, AL  36104
jere.beasley@beasleyallen.com
greg.allen@beasleyallen.com
mike.andrews@beasleyallen.com

L. Shane Seaborn, Esq.
Myron C. Penn, Esq.
Penn and Seaborn
P.O. Box 688
Clayton, AL  36016
sseaborn1@yahoo.com
myronpenn28@hotmail.com

I hereby certify that a copy of the foregoing pleading was sent to the following Co-Defendant via U.S. Mail at the address listed below:

Ronald Goshay d/b/a Ron's Automotive
120-A Blackmon Avenue
Union Springs, Alabama  36089

_____
OF COUNSEL

11