# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **KRUUZ FINCH, as the Guardian and representative of LAMAR HOUGH,** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) Case No. 2:17-cv-542-MHT-DAB<br>) |
| **GENERAL MOTORS, LLC, RONALD GOSHAY d/b/a RON'S AUTOMOTIVE, et al.,** | )<br>)<br>)<br>) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

This matter is before the court on the Motion to Remand and Brief in Support thereof (Doc. 10) filed by Plaintiff, Kruuz Finch. The motion seeks an order remanding this action to the Circuit Court of Bullock County, State of Alabama, Case No. 09-CV-2017-900053.00. In support, Plaintiff states complete diversity does not exist to invoke this court's subject-matter jurisdiction as he is an Alabama citizen and the Defendant Ronald Goshay[1] is an Alabama citizen. The Notice of Removal alleges that Goshay is a resident and citizen of Alabama, but contends he

---

[1] Plaintiff explains that the initial complaint misspelled this Defendant's last name as Goshea. Attached to GM's Notice of Removal was an affidavit by Goshay which showed the correct spelling of his name. (Doc. 10 at 3, n.1).

1

was improperly joined as a Defendant and therefore his citizenship should not be considered for purposes of removal. (Doc. 1, ¶ 24). In response to the motion to remand, the removing Defendant, General Motors, LLC, ("GM") has changed its position and does not oppose the request to remand. (Doc. 11). Ronald Goshay has not filed a response to the motion or the complaint, but filed an affidavit stating he operates Ron's Automotive, located at 120 Blackman Street, Union Springs, Alabama. (Doc. 1-4).[2] The affidavit identifies two dates of service for the subject vehicle in which Ron's Automotive changed the front brake pads on July 8, 2016, and changed the oil and filter on September 2, 2016. *Id.* His affidavit does not dispute he is a resident and citizen of Alabama.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). A federal district court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Therefore, a federal court is obligated to inquire into subject matter

---

[2] There is no notation in the docket of an appearance by Goshay or counsel on his behalf. His affidavit filed by GM in conjunction with the Notice of Removal has the District Court for the Middle District of Alabama heading, with the state court case number. (Doc. 1-4).

jurisdiction "at the earliest possible stage in the proceedings." *Id.* at 410. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. Indeed, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Here, the case was removed to this court by the Defendant GM pursuant to 28 U.S.C. § 1446(a), invoking this court's diversity jurisdiction under 28 U.S.C. § 1332.[3] *See* (Doc. 1, ¶ 1). The Notice of Removal acknowledges Defendant Goshay is a citizen of Alabama, and therefore non-diverse. (Doc. 1, ¶ 24). Although GM initially contended Goshay was improperly joined such that his citizenship should not be considered, GM subsequently abandoned this position and does not oppose the remand. *See* (Doc. 11).

A review of the complaint reveals that Plaintiff has stated a valid cause of action for negligence against Defendant Goshay under Alabama law. This case arises out a vehicle engine fire that resulted in severe burns to Lamar Hough. Plaintiff sued Defendant GM, as the manufacturer of the vehicle, alleging claims

---

[3] In pertinent part, 28 U.S.C. § 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

related to the alleged negligent design and manufacture of the vehicle. Plaintiff sued Defendant Goshay for his negligence in the service, maintenance, and inspection of the vehicle. (Doc. 1-1). Goshay has presented an affidavit stating Ron's Automotive did some, albeit minimal, work on the subject vehicle. (Doc. 10-1). Plaintiff submits an affidavit of an automotive expert in support of his motion to remand. (Doc. 10-3).

In considering whether to remand, a district court must evaluate the factual allegations in the light most favorable to the plaintiff. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Any uncertainty should be resolved in favor of the plaintiff. *Id.* "The federal court makes these determinations based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." *Id*. (citations omitted). The facts alleged in the complaint, along with the affidavits submitted by Plaintiff, are sufficient to conclude Plaintiff states an arguable claim under state law against Goshay. Accordingly, Goshay's Alabama citizenship should be considered for jurisdictional purposes and supports remand.

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Plaintiff's Motion to Remand (Doc. 10) be **granted**, and this case be remanded to the Circuit Court of Bullock County, State of Alabama,

Case No. 09-CV-2017-900053.00. It is further **recommended** that the Clerk be directed to terminate all pending motions and to close the case.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **October 4, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this 20th day of September 2017.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE